UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/6/19

------------------------------------------------------------X

ORINTHIA GIFFORD,

                        Plaintiff,

              -v-

KNUCKLES, KOMOSINSKI & ELLIOT, LLP, UNITED
NORTHERN MORTGAGE BANKERS, LTD.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AURORA LOAN SERVICING, LLC,
M&T MORTGAGE CORPORATION, and
NATIONSTAR MORTGAGE, LLC,

                        Defendants.

18 Civ. 6324 (PAE) (HBP)

OPINION & ORDER

------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 12, 2018, *pro se* plaintiff Orinthia Gifford filed this action alleging violations of

42 U.S.C. §§ 1983 and 1985 by numerous defendants, claiming unconstitutional deprivations of

her property rights in connection with a foreclosure on her property and her eviction. *See* Dkt. 1.

On July 8, 2018, the Court referred the petition to Magistrate Judge Henry B. Pitman for general

pretrial supervision. Dkt. 8.

On August 30, 2018, defendant M&T Mortgage Corporation ("M&T") filed a motion to

dismiss. *See* Dkt. 26. On September 5, 2018, defendant United Northern Mortgage Bankers,

Ltd. ("United Northern") filed a motion to dismiss. *See* Dkt. 27. On September 6, 2018, the

Court referred the motions to dismiss to Judge Pitman for a Report and Recommendation.

Dkt. 28. On September 17, 2018, defendants Aurora Loan Servicing, LLC ("Aurora"), Mortgage

Electronic Registration Systems, Inc. ("MERS"), and Nationstar Mortgage, LLC ("Nationstar")

filed a consolidated motion to dismiss. *See* Dkts. 43–46. On December 11, 2018, defendant

Knuckles, Komosinski & Elliot LLP ("KKE") filed a motion to dismiss. *See* Dkts. 58–59.

1

On July 8, 2018, Judge Pitman issued his Report and Recommendation on the various motions to dismiss. Dkt. 65.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. UPS.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of the thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Report, which is incorporated by reference herein, is adopted without modification. The Court dismisses Gifford's claims against Northern and MERS pursuant to Federal Rule of Civil Procedure 12(b)(1) because those claims are barred by the *Rooker-Feldman* doctrine. The Court dismisses Gifford's claims against M&T, Aurora, Nationstar, and KKE because they fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is respectfully directed to terminate the motions at Dkts. 34, 38, 43, and 58, and to close this case.

The parties' failure to file written objections, as noted in the Report, precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court respectfully directs the Clerk of Court to mail a copy of this decision to

Gifford at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 6, 2019
       New York, New York